**Harry W. SEELEY, Plaintiff,**

v.

**The UNITED STATES of America and Producers Bank and Trust Company, as Guardian of the Estate of Lenora A. Seeley, an incompetent, Defendants.**

**Civ. A. No. 3756.**

United States District Court
W. D. New York.
Oct. 17, 1957.

Norman A. Stiller, Buffalo, N. Y., for plaintiff.

John O. Henderson, U. S. Atty., Buffalo, N. Y. (John T. Elfvin, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant U. S.A.

Morey, Schlenker & Murray, Buffalo, N. Y. (David T. Murray, Buffalo, N. Y., of counsel), for additional party defendant, Producers Bank and Trust Co.

MORGAN, District Judge.

The plaintiff, Harry W. Seeley, brought action against the United States of America, defendant, by complaint filed May 7, 1948 and issue was joined by answer on behalf of the United States filed July 7, 1948. Thereafter, by order of this court granted and entered October 4, 1948, the Honorable John Knight, former United States District Judge, directed that Lenora Seeley be added as an additional party defendant by her complaint verified the 26th day of November, 1948, and filed in this court on December 6, 1948. Her legal position was asserted and issue joined thereon by answer filed herein on behalf of the United States of America on January 17, 1949. The action was quiescent for many years. In the meantime, Lenora Seeley, the additional party defendant, was adjudicated an incompetent and the Producers Bank and Trust Company, as

Guardian of the Estate of Lenora A. Seeley, an Incompetent, was substituted in the place and stead of the above additional party defendant, Lenora Seeley, by order of this court granted and entered August 29, 1956.

The above is an action against the United States, as shown by the stipulation entered into between the parties at the opening of the trial on July 15, 1957. All three counsel well tried and well briefed their respective position. It would unduly lengthen this decision to give each detail. As the trier of the facts, the court was impressed with the fact that the deceased, William J. Dougherty, was a friendly, affable, gregarious individual, without benefit of parents. That before, and during, his service in the Armed Forces of the United States, he sought the advice and counsel and warm hearthside of both Harry Seeley and Lenora Seeley. He had great respect for Ira Seeley, his uncle, who qualified as first named beneficiary and received payments up until the time of his death; received benefits under said policy, the detail of which is set forth in the stipulation of facts, from the date that the assured, William J. Dougherty, was killed in action on or about August 3, 1943, while serving as a staff sergeant in the United States Army, and having Army Serial Number 32-036-596, until the death of the said Ira F. Seeley, May 28, 1945, a total of 22 monthly installments, or $1,905.20. This litigation concerns the balance of 98 installments due, totaling the sum of $8,486.80. Each of the claimants duly filed with the Veterans Administration and each claim was rejected.

Neither Harry W. Seeley, the plaintiff, nor Lenora Seeley, the additional party defendant, were within the permitted restricted class of beneficiaries. Each made claim to be in loco parentis within the meaning of section 801(f), 38 U.S. C.A. "at any time prior to entry into active service for a period of not less than one year." The sum of Harry W. Seeley's testimony was that he was solicitous for the welfare of William J. Dougherty and felt for him "like a big brother", though the testimony on his behalf I shall not recite in view of the decision. Likewise, the relatives of Lenora Seeley testified at length. Each party claimed that he or she occupied the home which was William J. Dougherty's home, whether at work or overseas and, by introduction of letters and oral testimony, each attempted to establish his or her right to be considered in loco parentis. The stipulation of facts hereinafter set forth is a clear summary of the position taken by all three parties. Suffice to say that under the reasoning of Burke v. U. S., D.C., 85 F.Supp. 93; United States v. McMaster, 5 Cir., 174 F.2d 257; Conley v. U. S., D.C., 119 F. Supp. 832, and many other decisions which have been rendered on cases of this character, the voting record of Harry W. Seeley did not substantiate his position. Moreover, the testimony of disinterested witness Virginia Baker, who, during the years 1935 to 1937, was a slight acquaintance of the deceased soldier; but who started going steady with him in 1937 and did so through 1941, completely and finally, in this court's opinion, as the trier of the fact, vitiated the claim of either the plaintiff or the additional party defendant. She testified that their relationship was very close; that he gave her an engagement ring, but that they decided not to marry until he returned from service. She saw him every Sunday all day long from 1937 to 1941. She stated that the soldier was very independent, very friendly and that he talked over problems with her and admitted borrowing money from Harry W. Seeley, the plaintiff, and stated that he "thought the world of him." The affection between deceased and plaintiff was that of a brother, even though not of the same blood, and not that of parent and child. This witness entirely dissipated the argument and testimony on behalf of the plaintiff and additional party defendant that each did the soldier's laundry and each had his clothing in his

home. From all the testimony, I am satisfied that the decedent was a fine gentleman, was gregarious and did not occupy the position of a son to either of the claimants. He made his own decisions, lived his own life and lived and worked where and when he pleased.

In the midst of trial, various objections were made to exhibits. I overrule all of them and accept all the exhibits and have read them carefully. It would seem that in such a case, justice and equity would require the trier of the fact to be as completely informed as possible in order to decide an event which was accomplished, or failed of accomplishment, many years ago. I believe District Judge Paul, in his opinion in Conley v. U. S. supra, gives the best dissertation of fact and the most succinct collation of pertinent statutes and the clearest statement of legal result in this type of case that it has been my pleasure to read. While the facts therein stated are not exactly apposite to the instant litigation, the opinion is sound. It is frankly disturbing to be placed in the position of denying recovery on a National Service Life Insurance Policy. The applicable statutes set forth in detail in the last cited case leave no discretion and this court is bound by legislation which Congress has enacted. I therefore make the following:

#### Findings of Fact

1. That William J. Dougherty was the child of James Dougherty and Ellen Dougherty, born May 24, 1908, at Wellsville, New York.

2. That Ellen Dougherty, mother of William J. Dougherty, the service man, died during childbirth. That James Dougherty, father of William J. Dougherty, died at Andover, New York, on May 30, 1930.

3. That Ellen Dougherty's brother, Ira F. Seeley and Mary Seeley, his then wife, took the child, William J. Dougherty, when he was two days old into their home and raised him and treated him in all respects as their own son.

4. That the said Mary Seeley, then wife of Ira F. Seeley, died on the 28th day of December, 1926.

5. That the said Ira F. Seeley thereafter married a second time to the third party defendant, Lenora Seeley, on July 31, 1933.

6. That the said Lenora Seeley first came to the home of Ira F. Seeley, as a housekeeper, on January 4, 1930.

7. That the service man, William J. Dougherty, responded to draft on April 1, 1941.

8. That the service man, William J. Dougherty, was granted a $10,000 policy of National Service Life Insurance, identified by No. N–935,308, in which he designated Ira F. Seeley, uncle, as primary beneficiary, and Harry W. Seeley, cousin of said insured, as a contingent or secondary beneficiary.

9. That said service man, William J. Dougherty, was killed in action on or about the 3rd day of August, 1943, while serving in the United States Army, having the rank of Staff Sergeant and Army Serial Number 32–036–596; that said William J. Dougherty had never married.

10. That the above-mentioned policy of National Service Life Insurance No. N–935,308 was in full force and effect on August 3, 1943, the date of the insured serviceman's death.

11. That Ira F. Seeley, after the death of William J. Dougherty, received benefits under said policy at the rate of $86.60 a month, from August 3, 1943 to the date of his death, May 28, 1945, a total of 22 monthly installments, or $1,-905.20, leaving a balance of 98 installments due, totaling the sum of $8,486.80.

12. That after the death of Ira F. Seeley, the additional party defendant Lenora Seeley filed claim with the Veterans Administration for the remaining payments under said policy, on the ground that she stood in loco parentis to the deceased serviceman, for more than one year prior to his entry into the service.

13. That the plaintiff in this action likewise filed claim with the Veterans Administration for the remaining payments under said policy, on the ground that he was named contingent or secondary beneficiary, and stood in loco parentis to the deceased William J. Dougherty for a period of not less than one year prior to the serviceman's entry into service.

14. That the third party defendant Lenora Seeley was, on the 30th day of December, 1952, adjudged by the Court of Common Pleas of McKean County, Pennsylvania, an incompetent, and Producers Bank & Trust Company of Bradford, Pennsylvania, was appointed guardian of her estate.

15. That neither Harry W. Seeley, plaintiff, nor Lenora Seeley, additional party defendant, stood in loco parentis to the decased William J. Dougherty.

16. That no person qualifies as a beneficiary under insurance policy of National Service Life Insurance No. N–935,-308 issued to William J. Dougherty, a member of the Armed Forces of the United States from April 1, 1941 to the date of his death, which occurred August 3, 1943.

and

Conclusions of Law

1. A person claiming to have stood in loco parentis to an insured has the burden of proving such status.

2. Plaintiff was insured's first cousin and, at most, stood in loco frateris to insured. Neither of such relationships is within those classes of persons entitled to receive the proceeds and benefits of a National Service Life Insurance policy which has matured (as the instant policy did) prior to August 1, 1946.

3. Plaintiff never stood in loco parentis to insured.

4. Lenora A. Seeley, became, upon her marriage to Ira Seeley, only insured's uncle's wife and never stood in loco parentis.

5. Insured was an adult before Lenora Seeley had any contact with him.

Whether infant or adult, Lenora Seeley has failed to carry her burden of proof.

6. No person is entitled to take the remaining benefits of the instant policy.

7. No costs are granted. Prepare judgment.